US DISTRICT COURT
WESTERN DIST ARKANSAS
**FILED**
11/19/2019

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                           Plaintiff<br>v.<br>MARIA MAY-WILKERSON,<br>                           Defendant | No. 19-1056 SOH |

## COMPLAINT

The United States of America, through counsel, hereby files a complaint against Maria May-Wilkerson under the Federal Debt Collection Procedures Act, 28 U.S.C. §3001.

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1345.

2. The defendant resides in Columbia County which is within the Western District of Arkansas.

3. The defendant entered into a contract with the United States Department of Health and Human Services ("HHS") pursuant to the National Health Service Corps Loan Repayment Program ("NHSC/LRP"), under which the defendant agreed to enter into a two-year, full-time service obligation as a provider of clinical health services in a health professional shortage area. In consideration therefore, HHS would disburse funds to repay defendant's outstanding educational loans. A copy of said contract is attached hereto as Exhibit 1.

4. Pursuant to the contract, HHS disbursed the promised funds to the defendant.

5. The defendant, however, completed five hundred forty four (544) days; 17 full service months of her two year NHSC/LRP service obligation, thus breaching her NHSC/LRP contract.

6. Because the defendant did not complete her NHSC/LRP service obligation, all

funds paid to her for the period of service not served, plus penalties and interest pursuant to 42 U.S.C. § 254o(c)(1), became a debt to the United States.

7. The defendant is in debt to the United States in the principal amount of $55,405.20 plus interest on this principal computed at the applicable note rate in the amount of 11.875% with a total due of $125,055.67 as of September 23, 2019, and interest thereafter on this principal at the applicable note rate from this date until the date of judgment. A copy of the Certificate of Indebtedness establishing the basis for the defendant's liability regarding this debt, is attached hereto as Exhibit 2.

8. The United States has made a demand to the defendant for the amount owed, however, the amount due remains unpaid.

9. The amounts set forth in paragraph seven are a debt to the United States as defined in the FDCPA. 28 U.S.C. § 3002(3).

10. The United States is entitled to a judgment in connection with defendant's debt to the United States. 28 U.S.C. § 3001(a)(2).

WHEREFORE, plaintiff, United States of America, requests this Court to:

a. Enter judgment against the defendant, in the sum of $125,055.67, plus interest until paid, costs of this suit, and $350.00 filing fees pursuant to 28 U.S.C. §§ 1914(a); and $20.00 docket fees pursuant to 28 U.S.C. § 1923.

b. Grant such other and further relief as is just and proper.

DUANE DAK KEES
UNITED STATES ATTORNEY

By: *Candace L. Taylor*
    Candace L. Taylor
Assistant U.S. Attorney
Ark. Bar Number 98083
414 Parker Avenue
Ft. Smith, AR  72901
Phone:  (479) 783-5125
Fax:  (479) 441-0569
Email:  candace.taylor@usdoj.gov

Case 1:19-cv-01056-SOH   Document 1   Filed 11/19/19   Page 3 of 7 PageID #: 3

| NATIONAL HEALTH SERVICE CORPS LOAN REPAYMENT PROGRAM FY 2004 CONTRACT | U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES HEALTH RESOURCES AND SERVICES ADMINISTRATION BUREAU OF HEALTH PROFESSIONS DIVISION OF NATIONAL HEALTH SERVICE CORPS |
|---|---|

Section 338B of the Public Health Service Act ("Act") authorizes the Secretary of Health and Human Services ("Secretary") to repay the graduate and/or undergraduate educational loans of applicants selected to be participants in the National Health Service Corps Loan Repayment Program ("Loan Repayment Program"). In return for these loan repayments, applicants must agree to provide primary health services in a manner determined by the Secretary for a period of obligated service in a Health Professional Shortage Area ("HPSA") designated by the Secretary pursuant to section 332 of the Act. An applicant becomes a participant in the Loan Repayment Program only if this contract is signed by the applicant and by the Secretary's designee.

The terms and conditions of participating in the Loan Repayment Program are set forth below.

**Section A—Obligations of the Secretary**
Subject to the availability of funds appropriated by the Congress of the United States for the Loan Repayment Program and the National Health Service Corps (NHSC), the Secretary agrees to:
1. Pay, in the amount provided in paragraph 2 of this section, the undersigned applicant's qualifying graduate and/or undergraduate educational loans for actual costs paid for:
   a. tuition expenses;
   b. all other reasonable educational expenses, including fees, books, and laboratory expenses, incurred by the applicant; or
   c. reasonable living expenses as determined by the Secretary.
   Qualifying graduate and/or undergraduate educational loans consist of the principal, interest, and related expenses of the government and commercial loans received by the applicant for the above-listed expenses leading to a degree in the health profession in which the applicant will serve his or her period of obligated service.
2. Pay $25,000 annually, for the first 2 years of service; however, if the total amount of the applicant's qualifying educational loans is less than $50,000, pay one-half of the total qualifying educational loans annually.
3. Provide reimbursement for increased tax liability resulting from participation in the Loan Repayment Program in an amount equal to 39 percent of the total of loan repayments made for each tax year in which such payments were made.
Accept the applicant into the NHSC or release the applicant, pursuant to section 338D of the Act, to enter into full-time private clinical practice of the applicant's health profession in a HPSA selected by the Secretary.
Make loan repayments for a year of obligated service no later than the end of the fiscal year in which the applicant completes such year of service.

**Section B—Obligations of the Applicant**
1. The applicant agrees to:
   a. Accept loan repayments from the Secretary and apply those loan repayments, during the period of obligated service, to reduce the applicant's qualifying graduate and/or undergraduate educational loans.
   b. Serve his or her period of obligated service by providing primary health services, as determined by the Secretary:
      i. in the full-time clinical practice (as defined in paragraph iii below) of his or her health profession in the HPSA (designated under section 332 of the Act) to which the applicant is assigned by the Secretary as a member of the NHSC, either as a Commissioned Officer in the Regular or Reserve Corps of the Public Health Service, as a civilian employee of the United States, or as an individual who is not an employee of the United States; or
      ii. in the full-time private clinical practice (as defined in paragraph iii below) of his or her health profession pursuant to a Private Practice Option Agreement under section 338D of the Act in a HPSA (designated under 332 of the Act) selected by the Secretary.
      iii. A full-time clinical practice is defined as a minimum of 40 hours per week. The practice will include hospital care appropriate to meet the needs of patients and to ensure continuity of care. For all health professionals except obstetrician/gynecologist (OB/GYN)

physicians and Certified Nurse Midwives (CNM), at least 32 of the minimum 40 hours per week must be providing clinical services in the ambulatory care setting at the approved practice site, during normally scheduled office hours. For an OB/GYN or CNM practitioner, the majority of the 40 hours per week (not less than 21 hours per week) must be providing ambulatory care services at the approved practice site, during normally scheduled office hours. Of the remaining 19 hours, no more than 8 hours may be spent on administrative activities. The 40 hours per week may be compressed into no less than 4 days per week, with no more than 12 hours of work to be performed in any 24-hour period. Time spent "on-call" will not count toward the 40-hour week. No more than 7 weeks (35 workdays) can be spent away from the practice for holidays, vacation, continuing professional education, illness, or any other reason. Absences greater than 7 weeks in any given 52-week period will extend the service obligation end date.
   c. Serve in accordance with paragraph b. of this section for two (2) years. Contract extension for additional years may be available under the terms and conditions specified in Section E of the Contract.
   d. Comply with the provisions of Title 42, Code of Federal Regulations, Part 62, Subpart B.

**Section C—Breach of Written Loan Repayment Contract**
1. If the applicant, for any reason, fails to complete the 2-year period of obligated service, he or she shall be liable to the United States for an amount equal to the sum of:
   a. the total of the amounts paid by the United States to, or on behalf of, the applicant under Paragraphs 2 and 3 of Section A of this Contract for any period of obligated service not served;
   b. an amount equal to the product of the number of months of obligated service not completed by the applicant, multiplied by $7,500; and
   c. interest on the amounts described in (a) and (b) of this paragraph at the maximum legal prevailing rate, as determined by the Treasurer of the United States, from the date of the breach;
   except that the amount the United States is entitled to recover shall not be less than $31,000.
2. Any amount the United States is entitled to recover shall be paid within 1 year of the date the Secretary determines that the applicant is in breach of this written Contract.

**Section D—Cancellation, Suspension, and Waiver of Obligation**
1. Any service or payment obligation incurred by the applicant under this Contract will be canceled upon the applicant's death.
2. The Secretary may waive or suspend the applicant's service or payment obligation incurred under this Contract if the applicant's compliance with the terms and conditions of this Contract is:
   a. impossible or
   b. would involve extreme hardship and enforcement would be unconscionable.

**Section E—Contract Amendment**
1. The applicant may, in accordance with procedures established by the Secretary, request an extension of this Contract.
2. Subject to the availability of funds appropriated by the Congress of the United States for the Loan Repayment Program and the NHSC, the Secretary may approve a request for Contract extension in accordance with the Secretary's established policies in effect at the time of the extension.
3. A request for an extension of this Contract will not be approved if prior loan repayments received under this Contract were not applied, during the period of obligated service, to reduce the applicant's qualifying graduate and/or undergraduate educational loans.

**Section F—Contract Termination**
1. The Secretary may terminate this Contract if, on or before August 17, 2004, the applicant:
   a. submits a written request to terminate this Contract and
   b. repays all amounts paid to, or on behalf of, the applicant under Paragraphs 2 and 3 of Section A of this Contract.

The Secretary or his or her authorized representative must sign this Contract before it becomes effective.

| Applicant Name (please print): Maria Lynn May | Applicant's Social Security Number: 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 |
|---|---|
| Applicant's Signature: Maria Lynn May | Date: 1-12-04 |
| Secretary of Health and Human Services or Designee: Donald L. Weaver, M.D. | Date: SEP 3 2004 |

HRS-860 (Revised 11/02 - DNHSC, BHPr, HRSA, DHHS)

Exhibit 1



# DEPARTMENT OF HEALTH & HUMAN SERVICES

**Program Support Center**

**Debt Collection Center**

**CERTIFICATE OF INDEBTEDNESS**
**National Health Service Corps**
*Loan Repayment Program*

Maria L. May-Wilkerson
10651 Magnolia HWY
Magnolia, AR 71753
REF: 23090009
SSN: XXX-XX-4561

**Total debt due United States as of September 23, 2019: $125,055.67 (principal $55,405.20, interest $69,650.47).**

I certify that the Department of Health and Human Services' (HHS) records show that the individual named above is indebted to the United States in the amount stated above. Interest accrues on the principal amount of this debt at the fixed rate of 11.875% per annum. The interest accrues at $18.03 per day.

Ms. Maria L. May-Wilkerson submitted an application to participate in the National Health Service Corps (NHSC) Loan Repayment Program (LRP) (42 U.S.C. 254l-1). The application was approved, and she entered into an NHSC/LRP contract on September 03, 2004. Funds totaling $11,402.14 were paid to her by the Federal government in accordance with the provisions of the statute and implementing regulations [42 C.F.R. Part 62, Subpart B].

These funds were paid upon the condition that she provide health services on a full-time clinical basis in a health professional shortage area (designated under 42 U.S.C. 254e and 42 C.F.R. Part 5) assigned by the Secretary. She was obligated to provide service for 2 years from September 3, 2004 to September 2, 2006. She was assigned to Stephens Community Clinic, a division of Ouachita County Medical Center in Stephens, AR. She resigned effective February 28, 2006, her last day at the site. She did not complete the service obligation owed under the written contract. She completed 544 days; 17 full months of service.

Pursuant to 42 U.S.C. 254o(c)(1), if (for any reason) an individual fails either to begin or to complete his or her period of obligated service, the United States shall be entitled to recover from the individual an amount equal to the sum of:

    (A) the total of the amounts paid by the United States for any period of obligated service not served,
    (B) a penalty equal to the product of the number of months of obligated service that were not completed by an individual, multiplied by $7,500, and
    (C) interest on the above amounts from the date of the breach;

    except, the amount the United States is entitled to recover shall not be less than $31,000.00.

The amount the United States is entitled to recover consists of:

    (A) the total of the amounts paid by the United States for any period of obligated service not served,

Exhibit 2

## PAGE 2 - CERTIFICATE OF INDEBTEDNESS - MARIA L. MAY-WILKERSON

- $2,905.20 ($11,402.14 *divided by 730* obligated service days *times 186* days unserved), and

(B) an amount equal to the product of the full number of months of obligated service not completed, multiplied by $7,500.00.

- $52,500.00 ($7,500 *multiplied by 7* months of service not completed)

For a total beginning principal of $55,405.20

(C) interest on the above amounts from the date of the breach.

On September 09, 2009, she was notified that she had been placed in default for failing to fulfill the requirements of her NHSC/LRP contract. She was advised that the debt must be paid within one (1) year from the date of default. She was also provided instructions for entering a repayment agreement (RA).

By letter dated September 10, 2009, she was advised that her account was delinquent. She was notified of HHS' intent to refer her debt to other Federal agencies for the purpose of administrative offset, which may include Federal tax refund offset, salary offset, wage garnishment, and other Federal or State Agencies payments. She was advised that paying the debt in full or entering into an RA would terminate administrative offset.

HHS received a letter dated November 24, 2009, from an attorney retained by Ms. May-Wilkerson to obtain further information and attempt to resolve the indebtedness. The letter addressed several concerns. The attorney was informed by letter dated April 7, 2010, that Ms. May-Wilkerson cannot receive service credit until her contract was effective and she became a participant of the NHSC LRP; that she was in default because she left the site; her current employment was not a viable transfer option because it was not an approved NHSC site; and, her default debt was calculated based on Section C of her NHSC LRP contract. The letter also provided options to resolve the indebtedness including contact information to establish a RA.

By letter dated August 17, 2010, she was provided instructions for entering a RA. On September 1, 2010, she signed a repayment agreement, agreeing to make monthly payments of at least $300.00.

Additional notifications and demand letters regarding the indebtedness were sent on the following dates: October 22, 2009; November 24, 2009; June 25, 2010; August 25, 2011; September 13, 2011; September 16, 2011; April 25, 2012; July 27, 2012; November 06, 2012; January 28, 2013; May 10, 2013; July 30, 2013; January 29, 2014; September 09, 2014; March 24, 2017; June 28, 2017; June 29, 2017; and July 15, 2017.

Ms. May-Wilkerson was sent a final notice on March 21, 2019, regarding the delinquent debt. She was advised that if repayment arrangements were not finalized that her debt would be referred to the DOJ for enforced collection. She did not comply.

The following provides a breakdown of payments made on the debt:

| | | |
|---|---|---|
| Voluntary Payments | 10/28/10 to 10/16/13 | $5,050.00 |
| Treasury Offset Payments | 05/02/12 to 03/23/16 | $13,161.70 |
| Department of Justice Payment | 08/05/2019 | $1,455.00 |
| Total | | $19,666.70 |

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment agreement. The debt is now being referred to the U.S. Department of Justice (DOJ) for enforced collection.

Exhibit 2

## PAGE 3 - CERTIFICATE OF INDEBTEDNESS – MARIA L. MAY-WILKERSON

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

9/24/2019
Date

Melodie R. Sanders
Chief, Debt Referral Section
Program Support Center
U.S. Department of Health and Human Services

Exhibit 2